## Benjamin T. Taylor, Plff. in Err., v. Jacob Breisch et al.

The defense of usury against one obligation cannot be set up against an action upon an entirely distinct and independent obligation.

In an action upon a promissory note, to the payment of which the balance of collateral, a note of the defendant held by a third person, has been appropriated, the defendant cannot avail himself of the payment of usury upon the other note to reduce its amount and increase the balance of collateral available as a set-off against the note in suit.

(Argued April 19, 1887. Decided October 3, 1887.)

NOTE.—The giving of a new bond will not prevent the claiming of credit for the usurious bonus paid in consideration of the original loan. Blymyer v. Colvin, 127 Pa. 114, 17 Atl. 865.

January Term, 1886, No. 279, E. D., before Mercur, Ch. J., Gordon, Trunkey, Green, and Clark, JJ. Error to the Common Pleas of Schuylkill County to review a judgment on a verdict for the defendants in an action of debt. Reversed.

This was an action of debt by Benjamin T. Taylor against Jacob Breisch and others, trading as Jacob Breisch & Company, on two promissory notes: one for $4,000, dated February 17, 1874, the other for $1,832.77, dated January 21, 1874, given in renewal of notes for the same amounts, dated respectively November 22, 1871, and August 13, 1873—made by Jacob Breisch & Company, the former to the order of Adam Breisch, one of the partners, and indorsed first by him and then by all the other partners individually, the latter made by the same firm to the order of Henry Breisch, another partner, and indorsed first by him and then by all the other partners individually.

At the trial before Bechtel, J., the following facts appeared:

The plaintiff was treasurer of the Pottsville Life Ins. & Trust Company, afterward known as the Mechanics Safe Deposit Bank. Before the notes in suit were made the trust company or bank had been discounting the paper of Jacob Breisch and Jacob Breisch & Company. On June 17, 1870, Jacob Breisch assigned to the company certain securities as collateral for the payment of any paper which it then held or might thereafter hold, upon which he was either indorser or maker.

On November 22, 1871, Breisch indorsed on this assignment the further agreement that Taylor might hold the same securities as collateral or payment for any notes held by Taylor on which Breisch was liable. The original assignment of securities to the company was intended for and served as collateral for the payment of a note for $3,500 made by Jacob Breisch & Company and held by it November 22, 1871, and unpaid at the trial. On this note the company had received from Jacob Breisch & Company usurious interest. The defendants claimed to set off against the two notes in suit the collateral which would remain after deducting from the total collateral the amount necessary to pay the note for $3,500, and for the purpose of establishing the amount necessary to pay that note introduced, under objection and exception by the plaintiff, the testimony necessary to prove the usurious interest and its amount (First assignment of error) ; and thus reduced the amount due upon the note for $3,-

500 to such a point as to show a balance sufficient to wipe out so much of the claim upon the notes in suit as was not disputed on other grounds.

The defendants submitted, *inter alia,* the following point:

"1. That the $3,500 note, first made June 18, 1870, is the only note held by the bank up to and before the 22d of November, 1871; that the proper way of getting at the amount due on that note is to deduct from the same all sums paid thereon in excess of the legal rate of interest at the several renewals of said note, and when the amount unpaid of said note is ascertained, the jury may set aside so much of the fund from the collateral securities as is necessary to satisfy the amount due on said note."

*Ans.* "To this we say, what notes the bank held on the 22d of November, 1871, or prior thereto, you must ascertain from all the evidence. With this explanation we affirm this point." (Second assignment of error.)

The court charged the jury, *inter alia,* as follows:

"In ascertaining the amount due upon the papers the trust company held against Breisch, and for which it held the collaterals under the writing of June 14, 1870, you must deduct all payments which were made upon those securities, and this would include any illegal interest paid by Breisch to the trust company or to the bank. After doing this, whatever balance remains, being the balance arising from papers held by the bank, upon which Breisch was maker or indorser, such balance would carry legal interest to the time of the applying of the proceeds of the collateral." (Third assignment of error.)

Verdict and judgment for the defendants.

*Charles W. Wells* and *Guy E. Farquhar,* for plaintiff in error. —In Pennsylvania, under the existing interest law, it is not a crime for a creditor to demand and receive from a debtor interest at a usurious rate. The payment and receipt of usury is today just as legal as the payment and receipt of nonusurious interest. Miners' Trust Co. Bank v. Roseberry, 81 Pa. 313; Second Nat. Bank's Appeal, 85 Pa. 528.

The bank had a perfect right to receive the usury which it did from Breisch, and to keep it. It was not payment *pro tanto* when paid; and its payment can be taken advantage of only in an action to recover it back or by a defense to an action on the

principal debt.   No such advantage can be taken in any collateral proceeding.

If this suit were by the bank itself, the defendants would have no right to set up as defense herein the usury paid by them on the other series of notes held by the bank.   Maher's Appeal, 91 Pa. 516; Bright v. Mountain City Bkg. Co. 3 Pennyp. 478.

Much stronger is the case of an entire stranger, whose only connection with the claims of the bank upon the prior notes is that of the possession of a common security in which the bank has the priority.

A second mortgagee, in distribution of the proceeds of a mortgaged property, cannot set up the usury paid to the first mortgagee in payment of that mortgage, in whole or in part.   Second Nat. Bank's Appeal, 85 Pa. 528, practically overrules Greene v. Tyler, 39 Pa. 361—a case under the old interest law.

At that time the taking of more than 6 per cent interest was unlawful, and subjected the lender to a penalty.   It is not so now.   Act of May 28, 1858, P. L. 622; Lennig's Appeal, 93 Pa. 301; Wheelock v. Wood, 93 Pa. 298.

*B. B. McCool, James Ryon,* and *John W. Ryon* for defendants in error.

OPINION BY MR. JUSTICE GREEN:

The assignments of error in this case raise but the one question whether the direction to deduct the usury paid on the $3,500 note was correct.   It is not proposed by the defendants that the usury upon that note shall be deducted from the notes in suit; and therefore the question is not precisely the same as that presented in the cases cited in the argument.

But the $3,500 note does not belong to the plaintiff; at least there is no legal identity of the plaintiff with the ostensible owners of that note.   How then can the rights of such owners be determined in the present action to which they are not parties? How can we know that they may not have some reply to the defense of usury against their note?   They are not in court, they cannot be heard, and of course their rights cannot be determined. The defendants cannot be prejudiced, because their right to defend upon the ground of usury is always available to them, whenever any action shall be brought upon the $3,500 note.   But for the purposes of the present case we must be bound to regard that

note as a distinct and independent transaction from the notes in suit, and therefore not open to a judicial determination of an allegation of usury against its owners on the trial of this action.

All our recent decisions are to the point that a defense of usury against one obligation cannot be set up against an action upon an entirely distinct and independent obligation, even if it be between the same parties, much less can it be done where the parties are not the same. Bright v. Mountain City Bkg. Co. 3 Pennyp. 478; Maher's Appeal, 91 Pa. 516; Second Nat. Bank's Appeal, 85 Pa. 538; Lennig's Appeal, 93 Pa. 301.

The assignments of error are sustained.

Judgment reversed and new *venire* awarded.